The Honorable Ron Fields Prosecuting Attorney Twelfth Judicial District Sebastian County Courthouse Fort Smith, Arkansas 72901
Dear Mr. Fields:
This is in response to your request, made by Deputy Prosecuting Attorney Daniel Shue, on behalf of the Crawford County Clerk, for an opinion on two questions relating to Acts 926 and 942 of 1995, each of which repealed, effective July 28, 1995, A.C.A. §§ 7-4-201 to -211, governing the appointment and service of volunteer deputy voter registrars. The title of each act indicates that it was passed in order to eliminate conflicts with the "National Voter Registration Act of 1993," a federal act which takes effect January 1, 1996. See Op. Att'y Gen. 93-312. Specifically, your request indicates that Amendment 51 to the Arkansas Constitution, § 5(a) provides that "The Permanent Registrar . . . [the county clerk] may employ such clerical assistants which he may deem necessary to fulfill the duties imposed by [Amendment 51]."[1] Two questions are posed in light of this language, as follows:
 1. May former volunteer deputy voter registrars continue to perform similar duties as `clerical assistants' from July 28, 1995 through December 31, 1995?
 2. Will the persons so registered be subject to being challenged as they attempt to exercise their voting privileges?
As noted above, the "National Voter Registration Act of 1993," sometimes referred to as the "Motor Voter Act" establishes, among other things, certain state offices and locations as voter registration centers. It becomes effective in Arkansas on January 1, 1996. Op. 93-312. Several Arkansas laws providing for its implementation thus have as their effective date January 1, 1996. See, e.g., Acts 947 and 964 above, and also Act 963 of 1995. In order to comply with this act, the legislature repealed the subchapter of the Arkansas Code authorizing "volunteer deputy voter registrars." Such registrars will no longer be necessary with the increased access to voter registration brought about by the "National Voter Registration Act of 1993." Your questions arise because Acts 926 and 942, repealing these subchapters, have no stated effective dates, and contain no emergency clauses, and thus become effective on July 28, 1995. See Op. Att'y Gen. 95-119. There is thus a gap after these acts become effective and before the effective date of the "National Voter Registration Act of 1993," during which the number of officials who may lawfully register voters appear to be limited. It is this gap which your questions seek to fill with continued service by volunteer deputy registrars. The first question presented is whether they may continue service as "clerical assistants" under the authority granted in Amendment 51, § 5(a).
It is my opinion that the answer to your question is "no," these volunteer deputy voter registrars may not simply continue their duties and be referred to as "clerical assistants." It is my opinion that in order to validly register voters, the "assistants" would have to be designated as "deputy registrars." In the case of Faubus, Governor v.Fields, 239 Ark. 241, 388 S.W.2d 558 (1965), the Arkansas Supreme Court struck down a rule enacted by the State Board of Election Commissioners which provided that the "Affidavit of Registration" for potential voters might be sworn to not only before the Permanent Registrar or his deputies, but also before any other person authorized by law to administer oaths. The court stated as follows:
 We are . . . of the opinion that the Board exceeded its powers in attempting to permit the oaths to be administered by someone other than the Registrar and his deputies. Section 5 [of Amendment 51] provides that eligible voters may register at the office of the Registrar or at any other place designated by him. Section 6 (a, 10) directs that the Affidavit of Registration be signed by the Registrar or his deputy who receives the application. Section 9(c) empowers the Registrar and his deputies to administer the oaths to the Affidavits of Registration. Section 9(e) provides that if the voter is unable to register in person at the Registrar's office by reason of sickness of disability the Registrar or his deputy may register the applicant at his home. We need not determine whether the legislature could, consistently with the Amendment, permit what might be regarded as absentee registration by allowing the oath to be taken before anyone authorized by law to administer an oath. In this case it is enough to say that the State Board is without authority to make this revision in the registration system.
239 Ark. at 245-246.
It is thus clear that under Amendment 51, the only persons who can administer the oaths of registration are the Permanent Registrar (the county clerk), or a "deputy registrar." A "clerical assistant," if not a deputy registrar, is thus not authorized to administer the oath of registration and to register voters.
In response to your second question, voters who have registered to vote with other than the Permanent Registrar or a deputy registrar will not be registered in accordance with law, and thus, their right to vote may be challenged.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] This provision of Amendment 51 has been amended away by Acts 947 and 964 of 1995, each enacted under Amendment 51, § 19, which gives the General Assembly the power to amend Amendment 51 by a two-thirds vote. These new acts, however, which were also passed to ensure compliance with the federal "National Voter Registration Act of 1993," do not become effective until January 1, 1996. Section 5(a) of Amendment 51, as quoted above, is thus still in effect until that date.